IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>ALAN KIM PATRONO<br>JANE H. PATRONO<br>Debtors,<br><br>H&M HOLDINGS GROUP, LLC, HAUSER FAMILY FARMS, LLC, HANNAH HAUSER, and MELINDA DAVIS,<br>Plaintiffs,<br><br>v.<br><br>ALAN KIM PATRONO and JANE PATRONO,<br>Defendants | Chapter 11<br><br>Case No. 1:25-bk-02214-HWV<br><br><br><br><br><br>Adversary No. 1:25-ap-00069-HWV |

MOTION TO SUSPEND DISCOVERY AND POSTPONE TRIAL DATE

AND NOW, this 11th day of February 2026, come the Debtors, Alan Kim Patrono and Jane Patrono, by their counsel, CGA Law Firm and Lawrence V. Young, Esquire, and do file the within Motion seeking to suspend Discovery and postpone the trial date in the above-captioned Adversary action averring that:

1. The within Motion is filed by the Debtors, Alan Kim Patrono and Jane Patrono, by their counsel, CGA Law Firm and Lawrence V. Young, Esquire

2. The Respondents are the H&M entities, represented by Obermayer Rebmann Maxwell & Hippel LLP, Paige Macdonald-Matthes, Esquire; Jennifer Bruce, Esquire; and Michael Vagnoni, Esquire, located at 200 Locust Street, Suite 400, Harrisburg, Pennsylvania 17101.

JURISDICTION AND VENUE

3. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S. § 157(b)(2).

{02437913/1}

3. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1334.

4. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409.

## BACKGROUND

5. The within underlying Bankruptcy case was filed on August 8, 2025. On August 29, 2025, the H&M entities filed a Motion to Dismiss Chapter 11 was filed at docket number 32.

6. The matter was argued before this Honorable Court.

7. By Order dated September 23, 2025, this Honorable Court permitted the H&M parties to proceed with the Adams County Court of Common Pleas litigation, and/or directed to litigate to a "Final Order."

8. The H&M entities were then directed upon the entry of a Final Order to bring that result back to the Bankruptcy Court for handling.

9. By "Final Order" this Honorable Court indicated from the bench that this would include not just the conclusion of the litigation at the Court of Common Pleas level, but would include the conclusion of any appeal filed by the Debtors.

10. On October 30, 2025, the Adams County Court of Common Pleas entered an Order concluding the litigation before that Court. Through some procedural error, a second Order was entered December 8, 2025, clarifying the previous Order and dealing with various post-trial motions.

11. An appeal to the Superior Court was timely filed by the Debtors raising various issues that would, if upheld, greatly modify or nullify the award of damages entered by the Adams County Court of Common Pleas.

12. The appeal raised numerous issues to be decided by the Superior Court, the outcome of which would have a significant affect upon the Order of the Adams County Court of Common Pleas.

13. On November 13, 2025, the H&M entities filed the above-captioned Adversary action seeking to have the debt of the Debtors as it applies to the H&M entities declared to be nondischargeable.

14. This Adversary action is problematic for two reasons:

A. It violates this Honorable Court's previous Order, which was to conclude the state court's litigation to a "Final Order" and to bring that result back to the Bankruptcy Court for further handling; and

B. The Adversary action creates the possibility that this Court could possibly declare the debts to the H&M entities to be nondischargeable based upon the Order of the Adams County Court of Common Pleas, while at a later date the Superior Court might modify, vacate or overturn the Adams County Court of Common Pleas Order. This would have the outcome of creating inconsistent results in the litigation.

15. The Adversary action violates the Order of this Honorable Court to complete the state court litigation and then to bring that "Final Order" back to the Bankruptcy Court.

16. The Adversary action could result, if the H&M entities are successful, in an inconsistent result of a determination of the nondischargeability by the Bankruptcy Court of certain debts at a time that the Superior Court might not uphold the decision of the Adams County Court of Common Pleas.

17. In the further alternative, it is argued that if this Court enters an Order determining that certain debts are nondischargeable, that would be the basis for the H&M entities to go to the Superior Court and argue that the appeal has been rendered moot.

**WHEREFORE,** it is requested that the within Adversary action, the Discovery schedule and the trial date all be suspended until such time, as pursuant to the previous Order of this Honorable Court, the state court litigation has come to a Final Order.

Respectfully submitted,

CGA Law Firm

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
(717) 718-7110
lyoung@cgalaw.com
*Counsel for the Debtors/Defendants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>ALAN KIM PATRONO<br>JANE H. PATRONO<br>Debtors,<br><br>H&M HOLDINGS GROUP, LLC, HAUSER FAMILY FARMS, LLC, HANNAH HAUSER, and MELINDA DAVIS,<br>Plaintiffs,<br><br>v.<br><br>ALAN KIM PATRONO and JANE PATRONO,<br>Defendants | Chapter 11<br><br>Case No. 1:25-bk-02214-HWV<br><br><br><br><br><br><br>Adversary No. 1:25-ap-00069-HWV |

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following Filing Users:

Paige Macdonald-Matthes, Esquire
Michael D. Vagnoni, Esquire
Jennifer Bruce, Esquire
Attorneys for:
H&M Holdings, Hauser Family Farms, LLC, Hannah Hauser and Melinda Davis

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
CGA Law Firm
135 North George Street
York, PA 17401
(717) 718-7110
lyoung@cgalaw.com
*Counsel for the Debtors/Defendants*